Submitted on remand from the Supreme Court March 13, reversed and
remanded on Counts 1, 3, 4, 7, 8, and 9; otherwise affirmed October 9, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM ANTHONY GOFF,
*Defendant-Appellant.*

Marion County Circuit Court
09C42268; A144540

311 P3d 916

Peter Gartlan, Chief Defender, and Ingrid A. MacFarlane,
Senior Deputy Public Defender, Office of Public Defense
Services, filed the briefs for appellant.

John Kroger, Attorney General, Mary H. Williams,
Solicitor General, and Linda Wicks, Assistant Attorney
General, filed the answering brief for respondent. Ellen
F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor
General, and Tiffany Keast, Assistant Attorney General,
filed the supplemental brief.

Before Ortega, Presiding Judge, and Sercombe, Judge,
and Egan, Judge.

SERCOMBE, J.

## SERCOMBE, J.

Defendant appeals a judgment of conviction for one count of second-degree assault constituting domestic violence, ORS 163.175, two counts of fourth-degree assault constituting domestic violence, ORS 163.160, failure to perform the duties of a driver, ORS 811.700, tampering with physical evidence, ORS 162.295, and disorderly conduct, ORS 166.025. Defendant assigns error to the trial court's order denying his motion *in limine* to exclude evidence of two prior domestic violence incidents; he contends that that prior misconduct evidence should have been excluded as impermissible character evidence under OEC 404(3).[1] We initially affirmed without opinion, *State v. Goff,* 247 Or App 353, 271 P3d 154 (2011), defendant petitioned for review, and the Oregon Supreme Court remanded the case to us in light of *State v. Leistiko,* 352 Or 172, 282 P3d 857, *adh'd to as modified on recons,* 352 Or 622, 292 P3d 522 (2012).[2] *State v. Goff,* 353 Or 208, 297 P3d 480 (2013). Based on *Leistiko,* we now conclude that the trial court erred in admitting evidence of defendant's prior misconduct and, accordingly, we reverse and remand.

We review questions of relevance under OEC 404(3) for errors of law. *See State v. Garrett,* 350 Or 1, 6, 248 P3d 965 (2011) (citing *State v. Titus,* 328 Or 475, 481, 982 P2d 1133 (1999)). "[T]he burden is on the party offering the evidence to show that the proffered evidence is relevant and probative of something other than a disposition to do evil." *State v. Pratt,* 309 Or 205, 210, 785 P2d 350 (1990). Because defendant assigns error to the trial court's denial of his motion *in limine,* we "evaluate that argument in light of the record made before the trial court when it issued the order, not the trial record as it may have developed at some later

---

[1] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[2] Defendant also assigns error to the trial court's denial of his motion for judgment of acquittal of second-degree assault, contending that the state presented insufficient evidence that the assault constituted a substantial injury. We reject that assignment of error without further discussion.

point." *State v. Pitt*, 352 Or 566, 575, 293 P3d 1002 (2012) (explaining how an appellate court reviews the denial of a motion *in limine*). However, when determining whether the erroneous admission of evidence was harmless, "we describe all pertinent portions of the record." *State v. Cunningham*, 179 Or App 359, 362 n 2, 40 P3d 1065 (2002), *rev'd on other grounds*, 337 Or 528, 99 P3d 271 (2004).

According to the testimony submitted at trial, defendant was arguing with his wife at their shared residence. Defendant grabbed his wife's phone and threw it in the bathtub with enough force to break the phone. Not long thereafter, defendant's wife was found nearby, stumbling down a road. She had blood on her face and hands, and her face was swollen.

Defendant's wife was taken to a hospital. She had sustained a broken jaw; bruising on her forehead, forearm, and hand; and red marks on her neck. A medical expert testified that the wife's jaw injury involved the application of significant force, consistent with a punch. Another medical expert testified that the red marks on the wife's neck could be ligature marks, possibly made by a cord. Defendant's wife testified that she could not fully remember how she sustained her injuries—her memory was "in and out." According to the wife, she went outside, fell on some concrete blocks, and did not remember anything further.

Defendant was arrested. He told a sheriff's deputy that he had not assaulted his wife. However, there were visible cuts on defendant's hands. Defendant said that he had been at his father's house trimming trees.

The next day, defendant's wife's car was discovered overturned in a river at the bottom of a steep embankment. The car did not appear to have fallen in the river as the result of an accident, but appeared to have been sent over the embankment in low gear. The next day, when defendant was being interviewed about his wife's injuries, he said that he thought she had gotten hurt when she crashed her car. At that time, information about the car crash had not yet been released to the public.

Defendant was charged with two counts of second-degree assault constituting domestic violence, two counts of fourth-degree assault constituting domestic violence, strangulation, interference with making a report,[3] failure to perform the duties of a driver, tampering with physical evidence, and disorderly conduct. The state theorized that the defendant punched his wife in the jaw, strangled her with a cord, and then sent her car over an embankment to make it appear that her injuries resulted from a car crash. Defendant maintained that he was not present when his wife's injuries occurred, but was out trimming trees.

Before trial, the state moved under OEC 404(3) to introduce evidence of defendant's prior misconduct to prove defendant's intent to commit the crimes of assault and evidence tampering. More specifically, the state sought to introduce evidence from domestic violence incidents that occurred in 1996 and 2000. During the 1996 incident, defendant became irate after his then-girlfriend invited a male friend to help install a computer at the couple's shared residence. Defendant told the friend to leave. Defendant's girlfriend also left as the result of defendant's anger. When defendant's girlfriend returned, an argument ensued. Defendant stated, "I'll kill you fucking whore!" and assaulted his girlfriend. He grabbed her by the throat, threw her to the ground, and choked her while hitting her head against the floor. Defendant's girlfriend went in and out of consciousness. At one point, defendant held a knife against her throat. When she was able to get out of the house, defendant's girlfriend got in her car and tried to get away, but defendant had slashed her front left tire. Based on that incident, defendant was convicted of fourth-degree assault. During the 2000 incident, defendant became violent with a different woman—his then-fiancée. During an argument, he threw an apple and hit her in the back. Later that day, defendant grabbed his fiancée by the arm hard enough to cause bruising. Based on that incident, defendant was convicted of harassment and fourth-degree assault.

In its motions, the state contended that that prior misconduct evidence was relevant to show defendant's intent

---

[3] The state later moved to dismiss that charge, and the court granted the motion.

because it met each of the criteria set forth in *State v. Johns*, 301 Or 535, 555-56, 725 P2d 312 (1986).[4] Defendant moved *in limine* to exclude the evidence, arguing that it was not relevant, failed the *Johns* test, and was prejudicial.

At a hearing on the motions, defendant argued that the prior misconduct evidence was inadmissible to prove defendant's intent; according to defendant, intent was not at issue because he was "denying that he had anything at all to do with it." The state responded that the evidence was relevant in "about five or six ways[.]" Specifically, the state contended that the evidence was relevant to prove that defendant had caused his wife's injuries, and that he had done so intentionally.

After citing OEC 404(3) and referencing *Johns*, the trial court admitted the evidence "to show intent, to show identity, or absence of mistake or accident." Defendant then waived his right to a jury, and the case proceeded as a bench trial. In accordance with the trial court's ruling, the state presented the testimony of the two women whom defendant had assaulted. Their testimony reiterated and expanded upon the evidence presented at the motion *in limine* hearing. As noted above, defendant was convicted of assault and crimes associated with the car crash.[5]

Defendant appealed, assigning error to the trial court's denial of his motion to exclude the prior misconduct evidence under OEC 404(3). The state responded that the

---

[4] The *Johns* factors are:

"'(1) Does the present charged act require proof of intent?

"'(2) Did the prior act require intent?

"'(3) Was the victim in the prior act the same victim or in the same class as the victim in the present case?

"'(4) Was the type of prior act the same or similar to the acts involved in the charged crime?

"'(5) Were the physical elements of the prior act and the present act similar?'"

*State v. McIntyre*, 252 Or App 16, 26-27, 284 P3d 1284 (2012) (quoting *Johns*, 301 Or at 555-56). We note that *Johns* identified a sixth factor and that the parties referenced that factor below. However, that factor has been effectively removed from the *Johns* analysis. *Id.* at 27 n 10.

[5] Defendant was acquitted of strangulation and one count of second-degree assault.

prior misconduct evidence was not only relevant to prove defendant's intent or state of mind, but also relevant to prove defendant's motive to crash his wife's car and plan or method for controlling domestic partners.[6] After this court affirmed without opinion and the Supreme Court remanded the case for reconsideration in light of *Leistiko*, both parties submitted supplemental briefs.

Although the state argued to the trial court that the evidence was admissible to prove defendant's intent under *Johns*, it concedes on remand that the evidence is inadmissible under *Leistiko*. We agree and accept the state's concession. Under *Leistiko*, prior misconduct evidence is relevant to prove intent only when the *actus reus* is admitted by the defendant, or when the fact finder is instructed not to consider the evidence unless and until it independently concludes that the *actus reus* is proven. 352 Or at 185. Based on *Leistiko*, the trial court erred when it admitted evidence of defendant's prior misconduct to prove his intent to assault his wife and cover up that crime.

Having conceded that evidence of defendant's prior misconduct is inadmissible to prove defendant's intent, the state now advances two additional theories of admissibility. It first contends that the evidence is admissible to prove that defendant had a motive for crashing his wife's car—covering up an assault that he knew would result in another criminal conviction. The state also contends that the evidence is admissible to prove that defendant had a method or plan to control domestic partners through violence.

The state acknowledges that it did not offer its motive theory as a basis for admission of the evidence at trial, but urges us to consider it as an alternative basis under *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (discussing requirements for affirmance on alternative grounds). Citing *Pitt*, 352 Or at 581, defendant responds that the state may not raise a new theory of admissibility on appeal.

We agree with defendant; under *Pitt*, both of the state's alternative theories of admissibility are unavailable. In *Pitt*,

---

[6] On appeal, the state does not argue that the prior misconduct evidence is relevant to prove defendant's identity.

defendant was charged with first-degree sexual abuse and first-degree unlawful penetration for conduct involving a minor child, A. Under OEC 404(3), the state sought to admit evidence of defendant's prior uncharged conduct involving A and prior uncharged conduct involving another child, R. At a pretrial hearing, the state argued that the evidence was relevant to prove defendant's identity and intent. On appeal, the state sought to advance a new theory; it argued that the evidence was also relevant to show defendant's sexual predisposition toward A. *Pitt*, 352 Or at 581. The Supreme Court provided three reasons why that potential theory of admissibility was "unavailable as an alternative basis for affirmance[:]" (1) the state did not advance that argument before the trial court; (2) the trial court did not base its decision to admit the evidence on that theory; and (3) the trial court did not instruct the jury to consider the evidence for that purpose. *Id.* at 582.

Similarly, the state here did not contend at the pretrial hearing that the evidence of defendant's prior misconduct was relevant to show defendant's motive to crash his wife's car or plan to control domestic partners; it argued instead that that evidence was broadly relevant to help the state prove its case:

> "[W]e have to prove [defendant] was the actor. We have to prove that it wasn't reckless or it wasn't accidental. We have to prove that it wasn't self-defense. Most importantly, we have to prove the Defendant knew of the consequences of his actions because he'd done those actions before and he knew that strangulation could do what it did in this case. And he knew that hitting or punching in the face could leave bruises, or marks, and be a criminal assault because he has done that in the past.

> "And I guess there's all these side things like identity and plan.

> "* * * * *

> "And to simplify the process, really, the State's offering this, like I say, to prove knowledge of injury, to prove intent, to prove that this was [*sic*] an accident, to prove that this wasn't self-defense. The victim, herself, has claimed that this was an accident."

Although the state mentioned the word "plan" at the pretrial hearing, its arguments centered on its burden to prove that defendant committed assault with the requisite intent. Perhaps more importantly, the trial court did not admit the prior misconduct evidence to demonstrate that defendant had a motive to crash his wife's car or a plan to control domestic partners through violence, and there is no evidence that the trial judge considered the evidence for those purposes.[7] Because the Court ruled that the state's alternative theory of admissibility was unavailable in *Pitt*, we are bound to do the same.

Finally, we address the state's argument that the trial court's erroneous admission of defendant's prior misconduct evidence under OEC 404(3) was harmless. Under the harmless error doctrine, reversal is not warranted if "there is little likelihood that the particular error affected the verdict[.]" *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). "If evidence that was erroneously admitted relates to a central issue in the case, then it is more likely that that error substantially affected the verdict." *State v. Williams*, 258 Or App 106, 115, 308 P3d 330 (2013). When making a harmless error determination, we review all pertinent portions of the record.

The prior misconduct evidence relates to the central issue in this case: whether defendant was guilty of assault. We recently concluded, in a case similar to this one, that "the improperly admitted evidence was highly inflammatory and easily could have been improperly used by the jury as demonstrating [the] defendant's propensity to commit outrageous assaults against domestic partners. The admission of that evidence was not harmless." *State v. Jones*, 258 Or App 1, 9, 308 P3d 347 (2013); *see also State v. Hutton*, 258 Or

---

[7] The trial court cited OEC 404(3) and referenced the "analogy in *Johns*." It stated:

"[T]his is not like ten years ago or 13 years ago, [defendant] got in a bar fight with a guy, and then a couple years later there was a road rage incident. Those are circumstances that are so different that I don't think they would be relevant.

"But, in this case, I think that the State can rely upon those prior acts to show intent, to show identity, or absence of mistake or accident. And so even if the Defendant claims that he wasn't there, 'It wasn't me,' I think that may make it even more relevant under these circumstances to show some of the factors allowed by 404."

App 806, 817-18, 311 P3d 909 (2013) (identifying the harm resulting from the unconditional admission of evidence of other crimes). We reach that same determination here.

We conclude that the trial court erred when it admitted evidence of defendant's prior misconduct; the evidence is not admissible for the noncharacter purpose of proving defendant's intent to assault his wife or cover up that crime, and the state's other theories of admissibility are unavailable. We further conclude that the erroneous admission of that evidence was not harmless.

Reversed and remanded on Counts 1, 3, 4, 7, 8, and 9; otherwise affirmed.