Argued and submitted February 26, 2015, affirmed September 14, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LYNDSEY DANIELE JOHNSON,
*Defendant-Appellant.*

Coos County Circuit Court
13CR0168; A154709

380 P3d 1023

John Evans, Deputy Public Defender, argued the cause for appellant. With him on the opening brief was Peter Gartlan, Chief Defender, Office of Public Defense Services. With him on the supplemental brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Patrick M. Ebbett, Assistant Attorney General, argued the cause for respondent. With him on the briefs were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

## DUNCAN, P. J.

In this criminal case, defendant appeals a judgment convicting her of two counts of reckless endangerment, ORS 163.195, and one count each of second-degree criminal mischief, ORS 164.354, and failing to perform the duties of a driver when property is damaged, ORS 811.700. She challenges the trial court's denial of her motion *in limine* to exclude evidence of threats she made against the victim before the incident that gave rise to the charges. In another case decided today, *State v. Tena*, 281 Or App 57, 384 P3d 521 (2016), we reject the same argument that defendant makes here. Accordingly, we affirm.

"We evaluate the denial of a defendant's motion to exclude evidence of other acts in light of the record made before the trial court when it issued the order, not the trial record as it may have developed at some later point." *State v. Brumbach*, 273 Or App 552, 553, 359 P3d 490 (2015) (citing *State v. Pitt*, 352 Or 566, 575, 293 P3d 1002 (2012)). We review a trial court's ruling on the admissibility of evidence under OEC 404(3) for legal error. *State v. Stubblefield*, 279 Or App 483, 490, 380 P3d 1126 (2016).

When the trial court ruled on defendant's motion *in limine*, the only facts in the record were as follows:

"On October 31, 2012, the defendant crashed her motor vehicle into a parked vehicle operated by [the victim]. In the vehicle with [the victim] were two other persons. The defendant then fled the scene of the collision. At least two other parties witnessed this collision. Approximately one to two weeks prior to the collision, [the victim] and another witness, [D], were riding together in a vehicle. [D] answered a phone call from the defendant on [the victim's] phone. [D] is expected to testify that she heard defendant screaming, 'I'll cut your vagina off' and other threats."

Defendant moved to exclude any testimony about the threats that defendant had made, arguing that a threat of physical injury to the victim by cutting was not similar enough to the charged conduct—using a vehicle to hit the victim's vehicle, which caused property damage—to make it probative. Defendant also argued that the wording of the threat created a danger of unfair prejudice. The state

responded, and the court agreed, that, despite the differences between the evidence of the threats and the charged conduct, the threat evidence was probative of defendant's "state of mind," namely, "that she wanted to do something to the [victim]." The court decided that the probative value of the evidence was not substantially outweighed by the risk of unfair prejudice and, accordingly, denied the motion *in limine*. At trial, the state presented evidence that, within a month before the charged incident, defendant threatened to cut the victim, that she was going to find her, and that she was going to slash the victim's tires. The jury convicted defendant.

On appeal, as noted above, defendant argues that the court erred in denying her motion *in limine*. In her opening brief, she argues that, in *State v. Johns*, 301 Or 535, 725 P3d 312 (1986), and *State v. Moen*, 309 Or 45, 786 P2d 111 (1990), "[t]he Supreme Court * * * made [it] clear that evidence of a defendant's prior acts can only be used to prove intent if the prior acts and the charged acts are similar in type and in their physical characteristics."[1] She asserts that,

---

[1] After this case was argued, the Supreme Court decided *State v. Williams*, 357 Or 1, 15, 346 P3d 455 (2015), in which it held that OEC 404(4) supersedes OEC 404(3) in criminal cases, "except, of course, as otherwise provided by the state or federal constitutions." The court decided that evidence that a defendant has a propensity to sexually abuse children is logically relevant in a prosecution for child sexual abuse and ultimately concluded that, "in child sexual abuse prosecutions where the state offered prior bad acts evidence to prove that the defendant had a propensity to sexually abuse children, due process 'at least requires that, on request, trial courts determine whether the probative value of the evidence is outweighed by the risk of unfair prejudice.'" *State v. Turnidge (S059155)*, 359 Or 364, 431, 374 P3d 853 (2016) (quoting *Williams*, 357 Or at 19). Both parties filed supplemental briefing in light of *Williams*.

After that briefing was filed, the court decided *Turnidge*, in which the court "clarified the scope of its holding in *Williams*." *State v. Davis*, 279 Or App 223, 231, 381 P3d 888 (2016). The court noted that, in *Williams*, it had "reserved" the question of "the extent to which prior bad acts evidence can be admitted solely for propensity purposes in criminal cases other than ones involving child sexual abuse." *Turnidge*, 359 Or at 432. Because, in *Turnidge*, the state had not offered the disputed evidence of prior bad acts for propensity purposes at trial, the court considered whether the evidence was admissible "under settled cases interpreting OEC 404(3)." *Id.* at 433 n 37. Having concluded that the evidence was admissible under OEC 404(3), the court explained that it did not need to address "the potential application of OEC 404(4) here." *Id.* at 433 n 37.

Here, as we have explained, the state offered the disputed evidence to show defendant's "state of mind." Defendant concedes on appeal that the evidence was "relevant" under OEC 404(3), as construed in *Moen*, to show "hostile motive" and,

in *Johns*, the court listed six questions, the first five of which must be answered affirmatively before evidence of prior bad acts can ever be introduced to show intent. Although she expressly concedes that "defendant's threats were relevant" under the "hostile motive" theory that the Supreme Court applied in *Moen*, she argues that they nevertheless were not admissible because the *Johns* test applies to evidence relevant under *Moen*'s "hostile motive" theory and, in this case, the evidence of her prior threats is too dissimilar from the charged conduct to meet the *Johns* test.

In *Tena*, which we decide today, we reject that argument. In that case, the defendant was convicted of fourth-degree assault and assigned error to the trial court's admission of evidence of two prior assaults. 281 Or App at 58. On appeal, he objected to the trial court's admission of evidence of the prior assaults under the "hostile motive" theory from *Moen*, arguing only that the prior assaults were not similar enough to the charged assault to satisfy the *Johns* test. 281 Or App at 66-67. We explained that, although, in *Moen*, the Supreme Court applied the *Johns* test to evidence of "hostile motive" that, it held, was relevant to prove the defendant's intent, its holding that the *Johns* test applied to "hostile motive" evidence was overruled by the court's recent decision in *State v. Turnidge (S059155)*, 359 Or 364, 434, 374 P3d 853 (2016). *Tena*, 281 Or App at 70 ("[T]he court's holding in *Turnidge* that 'the analytical framework that *Johns* announced was specific to the "doctrine of chances" relevancy theory at issue in that case,' 359 Or at 434, abrogates *Moen*'s reliance on the *Johns* test."); *see also State v. Clarke*, 279 Or App 373, 386 n 7, 379 P3d 674 (2016) ("*Turnidge* strongly indicates that the *Moen* court was incorrect in applying the *Johns* framework to the evidence at issue in that case.").

In light of our holding in *Tena*, defendant's argument fails. As noted above, defendant concedes that the evidence of defendant's threats against the victim was "relevant" under *Moen* to show defendant's "hostile motive" against the

___

consequently, defendant's intent. Accordingly, here, as in *Turnidge*, defendant's argument can be resolved "under settled cases interpreting OEC 404(3)" and there is no need for us to address "the potential application of OEC 404(4) here." 359 Or at 433, 433 n 37.

victim; she argues only that the evidence did not satisfy the *Johns* test and, accordingly, that the court erred in admitting it. However, *Tena* establishes that, following *Turnidge*, evidence of "hostile motive" need not meet the *Johns* test. Accordingly, the court did not err by admitting evidence of defendant's "hostile motive" toward the victim without first conducting the *Johns* analysis. *Tena*, 281 Or App at 70.

Affirmed.