Submitted March 10, 2020, reversed and remanded October 20, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES JOSEPH JOSE CARTER,
aka James Josephjose Carter,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR03415; A168481

498 P3d 822

Defendant appeals a judgment of conviction for indecent exposure in violation of the City of Portland's municipal code, PCC 14A.40.030. On appeal, defendant argues that the trial court erred in denying his pretrial motion to exclude statements that the arresting officer made to him describing how she would react if she were falsely accused of a crime. *Held*: Defendant's pretrial motion to exclude evidence adequately preserved the asserted error on appeal. The trial court erred in concluding that the arresting officer's lay opinion, couched in terms of how she, herself, would have reacted under the same circumstances, was relevant. The erroneous admission of that evidence likely affected the verdict and therefore was not harmless.

Reversed and remanded.

Leslie G. Bottomly, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeHOOG, J.

Reversed and remanded.

**DeHOOG, J.**

Defendant appeals a judgment of conviction for indecent exposure, PCC 14A.40.030.[1] Defendant concedes, as he did at trial, that his demeanor during police questioning was admissible evidence of his guilt; he argues, however, that the trial court erred in denying his pretrial motion to exclude, as irrelevant, statements that the arresting officer made to him describing how she would react if she were falsely accused of a crime. In response, the state argues that (1) defendant failed to properly preserve the asserted error, (2) to the extent that the matter is preserved, the court did not err, because the officer's statement provided relevant context for defendant's statements, and (3) even if the trial court did err in admitting the officer's statement, that error was harmless. For the reasons that follow, we agree with defendant that the trial court erred in admitting the disputed testimony and that the error was not harmless. Accordingly, we reverse.

The facts relevant to this appeal are few and undisputed. After an "Uber Eats" delivery driver reported to the police that defendant had exposed his erect penis to her when she went to his food cart to pick up an order, Officer Taylor of the Portland Police Bureau went to question defendant. According to Taylor's report and testimony, defendant maintained a flat affect throughout Taylor's questioning, despite the nature of the allegations. Taylor testified that defendant had told her "in just a very matter of fact way" that it did not surprise him to hear that the driver thought "she saw his penis, but she didn't, and there are a lot of reasons why people might think they saw something they did not." Taylor responded, "I would lose my mind if someone accused me of exposing myself."

Before trial, defendant moved to exclude Taylor's testimony as to how she would have acted under the circumstances. According to defendant, Taylor's testimony as to what an appropriate reaction might be effectively implied that defendant "must be guilty because he didn't act in a way an innocent person would act[.]" In defendant's view,

---

[1] The state charged defendant with that offense under the municipal code for the City of Portland, which we abbreviate as PCC.

Taylor's opinion was simply not relevant. The state argued that Taylor's opinion was the product of "her experience and [] training regarding conducting investigations of this nature[.]" Thus, the state reasoned, "it would be relevant as to a part of her investigation."

On appeal, defendant essentially reprises the argument that he made to the trial court. The state, on the other hand, makes a new argument. After first contending that defendant has not adequately preserved the issue he advances on appeal, the state argues that the trial court did not err in admitting the evidence, because it provided context for defendant's own statements during the police interview. The state further contends that, in any event, if the trial court erred, that error was harmless. We turn to those arguments.

Addressing the state's preservation argument first, we conclude that defendant's pretrial motion to exclude evidence adequately preserved the issue that he raises on appeal. Although defendant's argument to the trial court focused on Taylor's opinion about defendant's responses rather than Taylor's statements to him about those responses, we do not see a material difference between the two arguments in this case; at a minimum, we are satisfied that both the state and the trial court would have understood defendant's argument to have referenced both. As a result, defendant's argument at trial satisfied the purposes of preservation. *See, e.g.*, *State v. Pitt*, 352 Or 566, 574, 293 P3d 1002 (2012) ("An objection to evidence in a motion *in limine* preserves the issue of admissibility, noting that the moving party made 'a sufficient offer of proof of what would happen in the trial to permit the court to rule intelligently on the propriety of the offered evidence.'").

Proceeding to the merits, we review a trial court's relevance rulings for errors of law. *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999) (Evidence is either "relevant or it is not."). Under OEC 401, "'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." We recognize that this standard reflects a "low bar." *State v.*

*Davis*, 351 Or 35, 48, 261 P3d 1197 (2011). Nonetheless, we conclude that the disputed evidence was not relevant for any purpose that the state identified in response to defendant's motion.

In the course of its ruling, the trial court correctly concluded that the officer had not been qualified as an expert to testify regarding what sort of reaction is "normal" for a person falsely accused of a crime. The court erred, however, in concluding that Taylor's lay opinion, couched in terms of how she, herself, would have reacted under the circumstances, was relevant. To be admissible as lay opinion evidence under OEC 701,[2] the opinion itself must be relevant. And a witness's opinion as to whether another person is being truthful is not relevant to prove that the person's statement is, in fact, true or false. *See State v. Chandler*, 360 Or 323, 334, 380 P3d 932 (2016) ("When a person makes an out-of-court statement about the credibility of a witness or nonwitness complainant, that statement is subject to the categorical prohibition against vouching evidence * * * if the statement is offered for the truth of the credibility opinion that it expresses."). In this case, the state did not contend at trial that Taylor's statement did not express an opinion regarding the credibility of defendant's denial. Nor did the state, at that time, contend that the evidence was being offered to prove something other than that opinion. As a result, we agree with defendant that the evidence was not relevant for any purpose advanced by the state in response to defendant's motion.

As noted, the state does advance a new argument on appeal in support of the trial court's ruling. According to the state, Taylor's testimony provided relevant context regarding her interview of defendant. *See id.*, 360 Or at 335 (discussing permissible use of an officer's opinion that a suspect is not being truthful as relevant context). Whether or

---

[2] OEC 701 provides:

"If the witness is not testifying as an expert, testimony of the witness in the form of opinions or inferences is limited to those opinions or inferences which are:

"(1)  Rationally based on the perception of the witness; and

"(2)  Helpful to a clear understanding of testimony of the witness or the determination of a fact in issue."

not that argument has merit, however, we are not persuaded that it is an appropriate basis for affirmance. Although the state does not couch its argument as such, we understand it to be contending that the trial court's ruling was "right for the wrong reason." *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001). It is the state's burden to establish that the requirements for affirmance on an alternative basis are satisfied, and it has not attempted to satisfy that burden here. *See State v. Booth*, 272 Or App 192, 199, 355 P3d 181 (2015) (discussing *Outdoor Media Dimensions Inc.* and requirements for affirmance on an alternative basis). Accordingly, we do not further consider the state's newly advanced relevance argument.

　　　　The state's final argument in support of affirmance is that any error was harmless. When deciding whether a trial court's erroneous admission of evidence was harmless, we review all pertinent portions of the record. *State v. Goff*, 258 Or App 757, 765, 311 P3d 916 (2013). Evidentiary error is not presumed to be prejudicial; rather, a defendant has the burden of showing that the error affected a substantial right. *State v. Nguyen*, 293 Or App 492, 498, 429 P3d 410 (2018) ("If there is little likelihood that the error affected the verdict, we will not reverse on the basis of that error."). In determining whether a defendant has met that burden, we consider, among other things, "whether the evidence was cumulative of other evidence admitted without objection, which includes assessing any difference in the quality of the erroneously admitted or excluded evidence as compared to the other evidence on the same issue." *State v. Simon*, 294 Or App 840, 849, 433 P3d 385 (2018). "We also consider how the case was tried and the extent to which the disputed evidence was or was not emphasized by the parties and central to their theories of the case." *Id.* In assessing harmlessness, "[w]e focus on the possible influence of the error on the verdict rendered, not whether this court, sitting as a factfinder, would regard the evidence of guilt as substantial and compelling." *State v. Ramirez*, 310 Or App 62, 67, 483 P3d 1232 (2021) (internal quotation marks omitted). Stated another way, we do not "usurp the role of the factfinder and determine if defendant is guilty or reweigh the evidence." *Id.*

In this case, the state produced no physical evidence of defendant's alleged conduct, and there were no witnesses to the incident other than the Uber driver and defendant himself. In large part, therefore, the outcome of this case hinged on the jury's assessment of the relative credibility of those two individuals. And in its closing argument, the state emphasized Taylor's testimony when asking the jury to view defendant's demeanor as an indication of his guilt. Under those circumstances, we cannot conclude that the erroneous admission of Taylor's opinion regarding defendant's denial had little likelihood of affecting the verdict. Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.